1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  JOHN RAY DYNES, | ) Case No.: 1:19-cv-01697-JLT (HC) |
| 12          Petitioner, | ) FINDINGS AND RECOMMENDATION TO |
| 13       v. | ) DENY PETITION FOR WRIT OF HABEAS ) CORPUS |
| 14  KEN CLARK, Warden, | ) |
| 15          Respondent. | ) [THIRTY-DAY OBJECTION DEADLINE] |
| 16 | ) |

17          Petitioner is currently serving a sentence of eight years and four months for robbery and

18  carrying a concealed dirk or dagger. He filed the instant habeas petition challenging the conviction and

19  sentence. As discussed below, the Court finds the claims to be without merit and recommends the

20  petition be **DENIED**.

21  **I.      PROCEDURAL HISTORY**

22          Respondent has custody of Petitioner pursuant to the judgment of the California Superior

23  Court, Fresno County, Case Nos. F13907336 and F14902059. In case number F13907336, Petitioner

24  pled no contest to one count of robbery, admitted a prior conviction constituting a strike, and admitted

25  he served three prior prison terms. He was sentenced to seven years. In case number F14902059,

26  Petitioner pled guilty to carrying a concealed dirk or dagger and was sentenced to one year four

27  months, consecutive to the sentence in case number F13907336. Petitioner appealed to the California

28  Court of Appeal, Fifth Appellate District ("Fifth DCA"). People v. Dynes, 2018 Cal. App. Unpub.

1

1    LEXIS 1654 (Cal. App. 5th Dist. March 14, 2018). The Fifth DCA affirmed the judgment. Id.

2              On November 24, 2014, Petitioner filed a petition for resentencing in the Fresno County

3    Superior Court (LD[1] 3), which was denied on January 15, 2015 (LD 4). Petitioner filed a notice of

4    appeal on February 9, 2015 (LD 6), and the Fifth DCA entered its opinion on May 25, 2016 (LD 7).

5    The Fresno County Superior Court minute order dated May 11, 2015 granted Petitioner's application

6    to reduce two felony convictions to misdemeanors (LD 8). Petitioner filed a petition for writ of habeas

7    corpus in the Fresno County Superior Court on June 15, 2015 (LD 9), which was denied on July 8,

8    2015 (LD 10). On October 30, 2015, Petitioner filed a petition for modification of sentence in the

9    Fresno County Superior Court (LD 11), which the court denied on December 22, 2015 (LD 12).

10   Petitioner filed an application for reduction of felony conviction in the Fresno County Superior Court

11   on November 9, 2015 (LD 13), which was denied on December 22, 2015 (LD 14). Petitioner filed a

12   petition for writ of habeas corpus in the Fresno County Superior Court on November 9, 2015 (LD 15),

13   which the court denied on December 29, 2015 (LD 16).

14             On July 11, 2016, Petitioner filed a petition for writ of habeas corpus filed in the Fresno

15   County Superior Court (LD 17), which the court denied on August 16, 2016 (LD 18). Petitioner filed a

16   petition for resentencing in the Fresno County Superior Court on July 18, 2016 (LD 19), which was

17   denied on August 19, 2016 (LD 20). On July 29, 2016, Petitioner filed a petition for resentencing in

18   the Fresno County Superior Court (LD 21), which was denied on August 19, 2016 (LD 22). Petitioner

19   filed a petition for resentencing in the Fresno County Superior Court on August 15, 2016 (LD 23),

20   which was denied on August 19, 2016 (LD 24). On October 12, 2016, Petitioner filed a notice of

21   appeal (LD 25), and the Fifth DCA filed its opinion on March 14, 2018 (LD 26). Petitioner filed a

22   petition for resentencing in the Fresno County Superior Court on December 20, 2016 (LD 27), and the

23   court entered its denial order on February 1, 2017 (LD 28).

24             On February 14, 2017, Petitioner filed a notice of appeal (LD 29), and the Fifth DCA entered

25   its dismissal order on February 15, 2018 (LD 30). Petitioner filed a petition for writ of habeas corpus

26   on March 17, 2017 (LD 31), which the Fresno County Superior Court denied on April 14, 2017 (LD

27

28
─────────────────────
[1] "LD" refers to the documents lodged by Respondent with the answer.

2

1   32). Petitioner filed a petition for writ of habeas corpus on March 17, 2017 (LD 33), which the Fresno

2   County Superior Court denied on April 14, 2017 (LD 34). Petitioner filed a petition for writ of habeas

3   corpus filed on March 17, 2017 (LD 35), which the Fresno County Superior Court denied on May 17,

4   2017 (LD 36). On March 23, 2017, Petitioner filed a petition for writ of habeas corpus (LD 37), which

5   the Fresno County Superior Court denied on May 3, 2017 (LD 38). Petitioner filed a petition for writ

6   of habeas corpus on April 3, 2017 (LD 39), which the Fresno County Superior Court denied on May

7   17, 2017 (LD 40). On April 27, 2017, a docket sheet for Petitioner's appeal was filed in the Fifth DCA

8   (LD 41). A dismissal order was filed in the Fresno County Superior Court on August 9, 2018 (LD 42).

9          On April 18, 2017, Petitioner filed a petition for writ of habeas corpus in the Fresno County

10  Superior Court (LD 43), which was denied on May 23, 2017 (LD 44). On May 11, 2017, a docket

11  sheet for Petitioner's appeal was filed in the Fifth DCA (LD 45), and a dismissal order was filed on

12  June 1, 2017 (LD 46). Petitioner filed a petition for writ of habeas corpus in the Fifth DCA on June 21,

13  2017 (LD 47), which the Fifth DCA denied on June 29, 2017 (LD 48). Petitioner filed a petition for

14  writ of habeas corpus in the Fifth DCA on August 22, 2017 (LD 49), which was denied on August 30,

15  2017 (LD 50). On March 12, 2018, Petitioner filed a petition for writ of habeas corpus in the Fresno

16  County Superior Court (LD 51), which the court denied on April 12, 2018 (LD 52). A docket sheet

17  from the California Courts' website shows a petition for review was filed in the California Supreme

18  Court on March 20, 2018 (LD 53), which was denied on April 25, 2018 (LD 54). On July 1, 2019,

19  Petitioner filed a petition for writ of habeas corpus in the California Supreme Court (LD 55), which

20  was denied on September 25, 2019 (LD 56).

21         On December 4, 2019, Petitioner filed the instant habeas petition in this Court (Doc. 1) and a

22  first amended petition on February 18, 2020 (Doc. 6.) Respondent filed an answer on November 20,

23  2020 (Doc. 23).

24  **II.    FACTUAL BACKGROUND**

25         The Court adopts the Statement of Facts in the Fifth DCA's unpublished decision[2]:

26

27

---

28  [2] The Fifth DCA's summary of facts in its unpublished opinion is presumed correct. 28 U.S.C. §§ 2254(d)(2), (e)(1). Therefore, the Court will rely on the Fifth DCA's summary of the facts. Moses v. Payne, 555 F.3d 742, 746 (9th Cir. 2009).

1

2

3

On December 19, 2013, in case No. F13907336, Dynes pled no contest to second degree robbery (§ 211) and he admitted six prior prison term enhancements (§ 667.5, subd. (b)) and an allegation that he had a prior conviction within the meaning of the "Three Strikes" law.

4

5

6

7

8

On April 3, 2014, in case No. F14902059, Dynes pled no contest to carrying a concealed dirk or dagger (§ 21310) and he admitted an allegation that he had a prior conviction within the meaning of the Three Strikes law. Additionally, on that date, the court sentenced Dynes in both cases to an aggregate term of eight years four months, a doubled four-year term on Dynes's robbery conviction, a consecutive 16-month term (a doubled one-third the middle term of two years) on his possession of a dirk or dagger conviction, and three one-year prior prison term enhancements.

9

On July 18, 2016, in both cases, Dynes filed a petition for recall of sentence pursuant to section 1170.126.

10

11

On July 29, 2016, in both cases, Dynes filed a petition for modification of sentence.

12

On August 15, 2016, in both cases, Dynes filed a second petition for recall of sentence pursuant to section 1170.126.

13

14

On August 19, 2016, the court denied all three petitions.

15

16

On October 12, 2016, Dynes filed a timely appeal from the court's denial of his petitions that referenced case No. F13907336 and two unrelated cases, but not case No. F14902059.

17

18

On November 21, 2016, Dynes's appellate counsel filed a motion requesting that his appeal also be construed as an appeal from case No. F14902059.

19

On December 23, 2016, this court granted appellate counsel's motion.

20

21

22

23

24

Dynes's appellate counsel has filed a brief that summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) However, in a letter filed on August 9, 2017, Dynes contends he committed petty theft, not robbery, and that he should have been sentenced to local time. He also appears to contend that his three prior prison term enhancements are invalid because the underlying convictions were reduced to misdemeanors. None of these contentions is cognizable on appeal.

25

People v. Dynes, 2018 Cal. App. Unpub. LEXIS 1654, at *1-3.

26

**III.    DISCUSSION**

27

A.    Jurisdiction

28

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to

4

1  the judgment of a state court if the custody is in violation of the Constitution, laws, or treaties of the

2  United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.

3  7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the United States

4  Constitution.  The challenged conviction arises out of the Fresno County Superior Court, which is

5  located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 28 U.S.C.§ 2241(d).

6        On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

7  1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.

8  Lindh v. Murphy, 521 U.S. 320 (1997) (holding the AEDPA only applicable to cases filed after

9  statute's enactment).  The instant petition was filed after the enactment of the AEDPA and is therefore

10  governed by its provisions.

11        B.     Legal Standard of Review

12        A petition for writ of habeas corpus under 28 U.S.C. § 2254(d) will not be granted unless the

13  petitioner can show that the state court's adjudication of his claim: (1) resulted in a decision that was

14  contrary to, or involved an unreasonable application of, clearly established Federal law, as determined

15  by the Supreme Court of the United States; or (2) resulted in a decision that "was based on an

16  unreasonable determination of the facts in light of the evidence presented in the State court

17  proceeding."  28 U.S.C. § 2254(d); Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003); Williams, 529

18  U.S. at 412-413.

19        A state court decision is "contrary to" clearly established federal law "if it applies a rule that

20  contradicts the governing law set forth in [the Supreme Court's] cases, or "if it confronts a set of facts

21  that is materially indistinguishable from a [Supreme Court] decision but reaches a different result."

22  Brown v. Payton, 544 U.S. 133, 141 (2005) (citing Williams, 529 U.S. at 405-406).

23        In Harrington v. Richter, 562 U.S. 86, 101 (2011), the U.S. Supreme Court explained that an

24  "unreasonable application" of federal law is an objective test that turns on "whether it is possible that

25  fairminded jurists could disagree" that the state court decision meets the standards set forth in the

26  AEDPA.  The Supreme Court has "said time and again that 'an unreasonable application of federal

27  law is different from an incorrect application of federal law.'"  Cullen v. Pinholster, 563 U.S. 170, 203

28  (2011).  Thus, a state prisoner seeking a writ of habeas corpus from a federal court "must show that

1  the state court's ruling on the claim being presented in federal court was so lacking in justification that

2  there was an error well understood and comprehended in existing law beyond any possibility of

3  fairminded disagreement."  Harrington, 562 U.S. at 103.

4      The second prong pertains to state court decisions based on factual findings.  Davis v.

5  Woodford, 384 F.3d 628, 637 (9th Cir. 2003) (citing Miller-El v. Cockrell, 537 U.S. 322 (2003)).

6  Under § 2254(d)(2), a federal court may grant habeas relief if a state court's adjudication of the

7  petitioner's claims "resulted in a decision that was based on an unreasonable determination of the facts

8  in light of the evidence presented in the State court proceeding."  Wiggins v. Smith, 539 U.S. 510, 520

9  (2003); Jeffries v. Wood, 114 F.3d 1484, 1500 (9th Cir. 1997).  A state court's factual finding is

10  unreasonable when it is "so clearly incorrect that it would not be debatable among reasonable jurists."

11  Jeffries, 114 F.3d at 1500; see Taylor v. Maddox, 366 F.3d 992, 999-1001 (9th Cir. 2004), *cert.denied*,

12  Maddox v. Taylor, 543 U.S. 1038 (2004).

13      To determine whether habeas relief is available under § 2254(d), the federal court looks to the

14  last reasoned state court decision as the basis of the state court's decision.  See Ylst v. Nunnemaker,

15  501 U.S. 979, 803 (1991); Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).  "[A]lthough we

16  independently review the record, we still defer to the state court's ultimate decisions."  Pirtle v.

17  Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).

18      The prejudicial impact of any constitutional error is assessed by asking whether the error had

19  "a substantial and injurious effect or influence in determining the jury's verdict."  Brecht v.

20  Abrahamson, 507 U.S. 619, 623 (1993); see also Fry v. Pliler, 551 U.S. 112, 119-120 (2007) (holding

21  that the Brecht standard applies whether or not the state court recognized the error and reviewed it for

22  harmlessness).

23      C.      Review of Petition

24      Petitioner raises the following claims for relief in the instant petition: (1) That the state court

25  erred in its application of state sentencing law, and (2) That his appellate counsels rendered ineffective

26  assistance.

27      1.      Timeliness

28      Respondent alleges that the petition appears untimely but asks the Court to bypass the

1    procedural issue given the number of state habeas petitions and the fact that the federal claims are

2    meritless. (Doc. 23 at 8-9.) Ordinarily procedural bar issues are resolved first, but courts have

3    recognized that "[p]rocedural bar issues are not infrequently more complex than the merits issues . . .

4    so it may well make sense in some instances to proceed to the merits if the result will be the same."

5    Franklin v. Johnson, 290 F.3d 1223, 1232 (9th Cir. 2002); see also Van Buskirk v. Baldwin, 265 F.3d

6    1080, 1083 (9th Cir. 2001) ("For the purposes of this case we do not need to reach the complex

7    questions lurking in the time bar of the AEDPA."); McCoy v. Soto, No. 15-cv-1578, 2017 WL

8    2644837, at *3 (E.D. Cal. June 20, 2017) ("In the instant case, it appears that judicial economy will be

9    better served by adjudicating Petitioner's claims on the merits."). Accordingly, the Court will proceed

10    to the merits of the claims.

11              2.       Sentencing Claim

12              Respondent correctly asserts that Petitioner fails to present a federal claim, because Petitioner

13    is challenging the application and interpretation of state law.  It is well-settled that federal habeas

14    relief is not available to state prisoners challenging state law.  Estelle v. McGuire, 502 U.S. 62, 67

15    (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state

16    law"); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of

17    state law are not cognizable in federal habeas corpus" proceedings). Petitioner claims that his sentence

18    is greater than the legislature intended in violation of Proposition 47. (Doc. 6 at 3.) The state supreme

19    court summarily rejected this claim. (LD 55, LD 56.) The state courts determined that Petitioner did

20    not qualify for a reduction of his sentence under Proposition 47. (LD 20, LD 22.) Petitioner's

21    argument was that California law did not allow for such a large sentence given the nature of his

22    convictions, and the state court disagreed. Such challenge does not give rise to a federal question

23    cognizable on federal habeas review. Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("We have

24    repeatedly held that a state court's interpretation of state law . . . binds a federal court sitting in habeas

25    corpus"). Thus, the claim is not cognizable on federal habeas and should be rejected.

26              Even if the Court found the claim cognizable, it would be without merit. As Respondent

27    contends, the state court found his conviction for robbery disqualified him from a sentence reduction

28    under Proposition 47. (Doc. 23 at 11.) Additionally, Petitioner's attempt to characterize his challenge

1    of the denial of his petition for resentencing as a violation of his federal constitutional rights to be free

2    from cruel and unusual punishment is not sufficient to render his claims cognizable on federal habeas

3    review. As Respondent asserts, his federal claim is not grounded in the Constitution, and Petitioner

4    merely disagrees with the state court's decision that California law allows for his sentence. (Doc. 23 at

5    10.) Accordingly, the claim fails to present a cognizable federal claim. Moreover, Petitioner fails to

6    establish that the state court's determination was contrary to or an unreasonable application of

7    Supreme Court authority. The claim should be denied.

8              3.       Ineffective Assistance of Counsel

9              Effective assistance of counsel is guaranteed by the Due Process Clause of the Fourteenth

10   Amendment.  Evitts v. Lucey, 469 U.S. 387, 391-405 (1985).  Claims of ineffective assistance of

11   counsel are reviewed according to Strickland's two-pronged test.  Strickland v. Washington, 466 U.S.

12   668, 687-88 (1984); Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir. 1989); United States v. Birtle,

13   792 F.2d 846, 847 (9th Cir.1986); see also Penson v. Ohio, 488 U.S. 75(1988) (holding that where a

14   defendant has been actually or constructively denied the assistance of counsel altogether, the

15   Strickland standard does not apply and prejudice is presumed; the implication is that Strickland does

16   apply where counsel is present but ineffective).

17             To prevail, Petitioner must show two things.  First, he must establish that counsel's deficient

18   performance fell below an objective standard of reasonableness under prevailing professional norms.

19   Strickland, 466 U.S. at 687-88.  Second, Petitioner must establish that he suffered prejudice in that

20   there was a reasonable probability that, but for counsel's unprofessional errors, he would have

21   prevailed at trial.  Id. at 694.  A "reasonable probability" is a probability sufficient to undermine

22   confidence in the outcome of the trial.  Id.  The relevant inquiry is not what counsel could have done;

23   rather, it is whether the choices made by counsel were reasonable.  Babbitt v. Calderon, 151 F.3d

24   1170, 1173 (9th Cir. 1998).

25             With the passage of the AEDPA, habeas relief may only be granted if the state-court decision

26   unreasonably applied this general Strickland standard for ineffective assistance.  Knowles v.

27   Mirzayance, 556 U.S. 111, 122 (2009).  Accordingly, the question "is not whether a federal court

28   believes the state court's determination under the Strickland standard "was incorrect but whether that

8

1   determination was unreasonable–a substantially higher threshold." Schriro v. Landrigan, 550 U.S.

2   465, 473 (2007); Knowles, 556 U.S. at 123.  In effect, the AEDPA standard is "doubly deferential"

3   because it requires that it be shown not only that the state court determination was erroneous, but also

4   that it was objectively unreasonable.  Yarborough v. Gentry, 540 U.S. 1, 5 (2003).  Moreover, because

5   the Strickland standard is a general standard, a state court has even more latitude to reasonably

6   determine that a defendant has not satisfied that standard.  See Yarborough v. Alvarado, 541 U.S. 652,

7   664 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's

8   specificity.  The more general the rule, the more leeway courts have in reaching outcomes in case-by-

9   case determinations.")

10          Petitioner contends that he was denied effective assistance of counsel because counsel did not

11   raise any issues on appeal, failed to file a petition for review, and failed to inform Petitioner how he

12   could further pursue his Proposition 47 claims. However, as Respondent details, Petitioner presented

13   the court with the arguments he now argues his appellate counsel should have presented, and the state

14   court found the arguments to be not cognizable and denied relief. (Doc. 23 at 14.) Moreover, Petitioner

15   failed to establish that he suffered prejudice. Petitioner failed to demonstrate that there is a reasonable

16   probability that raising these claims would undermine confidence in the outcome of the trial. Petitioner

17   failed to show that counsels erred or that the error resulted in any prejudice. The claims should be

18   rejected.

19   **IV.     ORDER**

20          The Court DIRECTS the Clerk of Court to assign a district judge to the case.

21   **V.     RECOMMENDATION**

22          Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be

23   DENIED with prejudice on the merits.

24          This Findings and Recommendation is submitted to the United States District Court Judge

25   assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the

26   Local Rules of Practice for the United States District Court, Eastern District of California.  Within

27   thirty days after being served with a copy of this Findings and Recommendation, Petitioner may file

28   written objections with the Court.  Such a document should be captioned "Objections to Magistrate

9

1   Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling

2   pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the

3   specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951

4   F.2d 1153 (9th Cir. 1991).

5

6   IT IS SO ORDERED.

7      Dated:   __**January 14, 2021**__                    _____**/s/ Jennifer L. Thurston**

8                                                                 UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28